Arnold L. CRAWFORD, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–9311–CR–378.

Court of Appeals of Indiana,
Third District.

May 12, 1994.

Arnold L. Crawford, pro se.

Pamela Carter, Atty. Gen. of Indiana, Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant-defendant Arnold L. Crawford appeals from the denial of his motion for change of judge following his conviction for two counts of delivery of cocaine, Class B felonies.

The facts relevant to this appeal disclose that Crawford entered a preliminary plea of not guilty on September 4, 1986. On August 6, 1987, pursuant to a plea bargain, he then entered a plea of guilty. On October 1, 1987, Crawford was sentenced to concurrent sentences of twenty years' imprisonment on each above count.

Subsequent to his conviction, Crawford filed two motions for sentence modification. Both were denied. He then filed a motion for sentence reduction along with a motion for change of judge on June 7, 1993. These motions were also denied. He appeals.

On appeal, Crawford raises one issue, which we restate as: whether the trial court erred in denying his motion for change of judge.

Ind.Crim.Rule 12 provides, in pertinent part:

"An application for a change of judge or change of venue from the county *shall be filed within ten (10) days after a plea of not guilty* [.] . . .

Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging *when the cause was first discovered, how it was discovered,* the *facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence* . . . ."

(Emphasis added). The evidence in the record discloses that Crawford's request did not

meet the requirements of the above rule.[1]

■ Even had his request met the requirements of Crim.R. 12, Crawford has failed to show actual prejudice or bias by the trial court in its conduct towards him. *Smith v. State* (1985), Ind., 477 N.E.2d 857, 864 (trial court has broad discretion to rule on motions for change of venue; the trial court's decision will be reversed only for abuse of discretion when the record discloses actual prejudice and bias against appellant). In his motion, Crawford alleged that he could not receive a fair hearing because the trial court denied his two requests for sentence modification and because the court was "showing some type of bias" towards him.

■ However, this Court has held that a trial court's mere adverse rulings and findings do not support the conclusion, *per se*, that the trial court had actual bias or prejudice towards a defendant. *See Taylor v. State* (1992), Ind., 587 N.E.2d 1293, 1303, *reh. denied*. A related issue was recently addressed by the United States Supreme Court in *Liteky, et. al. v. United States* (1994), — U.S. —, 114 S.Ct. 1147, 127 L.Ed.2d 474. The court's holding in *Liteky* is helpful to our analysis in the present case.

In *Liteky*, the petitioners asked for a recusal of the federal trial judge,[2] listing several grounds including: statements made by the judge indicating a particular political position, making unfavorable rulings on various motions before the court, limiting counsel's cross-examination, admonishing witnesses and cautioning counsel to confine questions to issues material to the trial, and its giving of what petitioners believed to be an exces-

sive sentence. In short, the petitioners claimed that a recusal was warranted because the judge had displayed "impatience, disregard for the defense and animosity" toward one of the petitioners. *Id.* at —, 114 S.Ct. at 1150–51. The trial court denied the motion and the Eleventh Circuit affirmed. *Id.* at —, 114 S.Ct. at 1152–54.

The Supreme Court upheld the decision. *Id.* In arriving at its holding, the *Liteky* court reached two main conclusions. First, it found that judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion. *Id.* at —, 114 S.Ct. at 1155–57. Although proper grounds for appeal, the court reasoned they are not proper grounds for recusal. *Id.* Second, the court further stated:

"[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or out of prior proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical and disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.... *Not* establishing bias or partiality, however, are expressions

---

1. Both IND.CODE § 35–36–5–1 (1988 Ed.), dealing with preemptory changes of venue from a judge, and IND.CODE § 35–36–5–2 (1988 Ed.), addressing a change of judge on discretionary grounds, require that motions "be filed within the time limitations specified in Indiana Rules of Criminal Procedure." *See* IND.CODE § 35–36–5–1; IND.CODE § 35–36–5–2. Thus, Crawford's request was untimely under these statutes as well.

2. In *Liteky*, the petitioners asked for a recusal of a trial judge pursuant to 28 U.S.C. § 455(a), which requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b) further provides that "(b) [h]e shall also

disqualify himself ... (1) [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." IND.CODE § 35–36–5–2 has included a similar provision providing for a change of judge when it is shown that the judge is "... (1) biased or prejudiced against the moving party and that the moving party cannot obtain a fair trial before the judge." *See* IND.CODE § 35–36–5–2(1) (1988 Ed.). Even though the *Liteky* court was addressing the federal recusal statute and this case deals with Indiana's change of judge statute, the reasoning behind the holding in *Liteky* has application to the present case as both rules are similar in their purpose.

of impatience, dissatisfaction, annoyance, and even anger . . . ."

*Id.* (Emphasis original). Noting that all the above grounds consisted of judicial rulings, routine trial administration efforts, and ordinary admonishments to counsel and witnesses, they occurred during the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible, the court held them to be insufficient grounds for a recusal motion. *Id.* at ——, 114 S.Ct. at 1157–59.

For the most part, Crawford's motion rests on the trial court's denial of his two requests for sentence modification. However, as instructed by *Liteky*, these were judicial rulings which may not support his contention that a change of judge was proper due to "some sort of bias" on the part of the trial judge. Additionally, Crawford's argument that bias was established because the same judge determined probable cause and issued his arrest warrant, is likewise meritless. *See Clemens v. State* (1993), Ind., 610 N.E.2d 236, 244, *reh. denied* (previous appearance before the trial court insufficient to show bias or prejudice on the part of the judge towards a defendant). There is nothing in the record to indicate the trial court had the type of "prejudice or bias" towards Crawford as is contemplated by IND.CODE 35–36–5–2 or Crim.R. 12. Consequently, the trial court did not abuse its discretion in denying Crawford's motion for change of judge. There being no error, the decision of the trial court is affirmed.

Affirmed.

GARRARD and FRIEDLANDER, JJ., concur.